# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 02: 07cv1256 |
| JAMES S. OLAYER and PAUL M. DODDS, ADMINISTRATOR OF THE ESTATE OF SANDRA R. OLAYER DODDS, | ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER OF COURT

October 16, 2008

Before the Court is the MOTION FOR SUMMARY JUDGMENT, with exhibits and brief in support, (*Document Nos. 20* ) filed by Plaintiff, United States of America, and the RESPONSE AND AMENDED RESPONSE TO MOTION FOR SUMMARY JUDGMENT filed Defendant, James S. Olayer, *pro se* (*Document Nos. 21 and 23*) and exhibits thereto (*Document* No. 22)

After a careful consideration of the motion, the filings in support and opposition thereto, the memoranda of the parties, the relevant case law, and the record as a whole, the Motion for Summary Judgment will be granted.

### STANDARD OF REVIEW

Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Thus, the Court's task is not to resolve disputed issues of

1

fact, but to determine whether there exist any factual issues to be tried. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-49 (1986). The non-moving party must raise "more than a mere scintilla of evidence in its favor" in order to overcome a summary judgment motion. *Williams v. Borough of West Chester*, 891 F.2d 458, 460 (3d Cir. 1989) (*citing Liberty Lobby*, 477 U.S. at 249). Further, the non-moving party cannot rely on unsupported assertions, conclusory allegations, or mere suspicions in attempting to survive a summary judgment motion. *Id.* (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). Distilled to its essence, the summary judgment standard requires the non-moving party to create a "sufficient disagreement to require submission [of the evidence] to a jury." *Liberty Lobby*, 477 U.S. at 251-52.

### BACKGROUND

The government alleges that defendants James S. Olayer and Paul M. Dodds, Administrator of the Estate of Sandra R. Olayer Dodds,[1] defaulted on mortgages and promissory notes received from the United States, acting through Farm Service Agency ("FSA").[2]

On January 25, 1978, at the special instance and request of James S. Olayer, the FSA lent to James S. Olayer and Sandra R. Olayer, his wife, the sum of $50,000.00, bearing the interest rate of 5% per annum, payable in yearly installments, pursuant to the provisions of the Consolidated Farm and Rural Development Act. As security for this loan, James S. Olayer and

---

[1] On December 14, 2007, the Clerk entered default judgment against defendant, Paul M. Dodds, Administrator of the Estate of Sandra R. Olayer Dodds. By Order entered December 17, 2007, the Court entered judgment against Paul M. Dodds, Administrator of the Estate of Sandra R. Olayer Dodds and in favor of the United States of America in the amount of $217,060.15 together with interest, at the daily rate of $18.6324 to the date of judgment, plus interest accruing from the date of judgment at the legal rate and costs.

[2] The FSA was previously known as the Farmers Home Administration.

Sandra R. Olayer executed and delivered to the government a Promissory Note dated January 25, 1978, in the amount of $50,000. On July 15, 1978, the Promissory Note was re-amortized in the new Note amount of $51,330.32.

On January 25, 1978, and July 15, 1985, for the purpose of securing the government against loss, James S. Olayer and Sandra R. Olayer executed Real Estate Mortgages whereby they granted, conveyed and mortgaged real property situated in the State of Pennsylvania, County of Lawrence, Little Beaver Township to the FSA (the "Property").[3] The Real Estate Mortgages were recorded on January 25, 1978 and July 17, 1985, in the Office of the Recorder of Deeds, Lawrence County, Pennsylvania in Mortgage Book Volume 495, Page 555 and Mortgage Book Volume 713, Page 599, respectively.

On August 9, 1979, at the special instance and request of James S. Olayer and Sandra R. Olayer, the FSA lent to James S. Olayer and Sandra R. Olayer the sum of $17,700.00, bearing the interest rate of 9% per annum, pursuant to the provision of the Emergency Agricultural Credit Adjustment Act of 1978. As security for this loan, James S. Olayer and Sandra R. Olayer executed a Promissory Note dated August 9, 1979 in the amount of $17,700.00. On August 9,

---

[3] The Property is described in the Real Estate Mortgages as follows:

BEGINNING at a post, the Northwest corner of lands herein described thence North 89° 50' East by lands, now or formerly, of R. Miller's Heirs 31.24 rods to a stone; thence South 1/2° East a distance of 38.2 rods to a post; thence North 89° 50' East a distance of 82.68 rods to a point in the center line of the Mt. Jackson-Darlington Road, also known as Traffic Route 368; thence by the center line of said road South 2° 40' West a distance of 164.24 rods to a point in the center line of the Newberg-Wampum Road, also known as Traffic Route 343; thence North 66° 35' West by the center line of the Newberg-Wampum Road a distance of 128.28 rods to a point; thence North 4° East by lands, now or formerly, of Ruby J. McMasters and by lands of J.W. Leslie et ux a distance of 152 rods to the place of beginning. Containing 110 acres and 123.5 perches net measure.

1979, for the purpose of securing the government against loss, James S. Olayer and Sandra R. Olayer executed a Real Estate Mortgage whereby they granted, conveyed, and mortgaged the real estate located in the Township of Little Beaver, Lawrence County, Pennsylvania. The Real Estate Mortgage was duly recorded on August 9, 1979, in the Office of the Recorder of Deeds, Lawrence County, Pennsylvania, in Mortgage Book Volume 508, Page 8.

On May 2, 1978; July 3, 1979; and July 15, 1985, at the special instance and request of James S. Olayer and Sandra R. Olayer, the FSA lent to James S. Olayer and Sandra R. Olayer the sums of $35,000.00; $23,400.00; and $14,200.00, pursuant to the provision of the Consolidated Farm and Rural Development Act and Emergency Agricultural Credit Adjustment Act of 1978. As evidence of the indebtedness and the terms and conditions thereof, James S. Olayer and Sandra R. Olayer executed and delivered Promissory Notes to the FSA dated May 2, 1978; July 3, 1979; and July 15, 1985, in the amounts of $35,000.00; $23,400.00; and $14,200.00. The Note in the amount of $35,000.00 was rescheduled on July 15, 1985, in a new Note in the amount of $18,904.87. The Note in the amount of $23,400.00 was rescheduled on July 15, 1985, in a new Note in the amount of $13,387.35.

To secure the FSA against loss as to the notes, James S. Olayer and Sandra R. Olayer executed and acknowledged to the FSA Security Agreements on May 2, 1978; July 3, 1979; January 9, 1980; September 15, 1983; and December 30, 1988. These Security Agreements granted to the FSA a security interest, *inter alia*, in the crops of James S. Olayer and Sandra R. Olayer.

On April 12, 1978, James S. Olayer and Sandra R. Olayer executed and delivered to the FSA a Financing Statement, which was subsequently filed in the Office of the Prothonotary of

Lawrence County on April 12, 1978, as Number 1942 and, by Continuation Statements filed with the court on November 2, 1982; March 18, 1988; February 23, 1993; April 6, 1998; and December 9, 2002.

On April 12, 1978, James S. Olayer and Sandra R. Olayer executed and delivered to the FSA a Financing Statement, which was to perfect its security interest, which was filed in the Office of the Recorder of Deeds of Lawrence County on April 12, 1978, at Number 807 and, by Continuation Statements filed with the court on November 2, 1982; March 18, 1988; February 23, 1993; April 6, 1998; and December 9, 2002.

Plaintiff is the holder of the Promissory Notes, Security Agreements, and Financing Statements. Plaintiff is the owner and holder of the Promissory Notes and Real Estate Mortgages. The Promissory Notes provide, among other things, as follows:

> DEFAULT: Failure to pay when due any debt evidenced hereby or perform any covenant or agreement hereunder as all constitute default under this instrument and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such debt; any default under any such other instrument shall constitute default hereunder, UPON ANY SUCH DEFAULT, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

On or about December 11, 1997, a decree of divorce was granted to Sandra R. Olayer and James S. Olayer. Despite said divorce, Sandra R. Olayer was at no time released, discharged, forgiven or otherwise relieved as to her responsibility and/or liability from the Mortgages and Notes at issue in this lawsuit.

On June 22, 2007, Sandra R. Olayer Dodds died as a resident of New Galilee, Pennsylvania. On July 11, 12007, the Register of Wills of Lawrence County, Pennsylvania, issued Letters of Administration to Paul M. Dodds.

5

Plaintiff contends that the Defendants have failed, neglected and/or refused to comply with the provisions of the Promissory Notes and Real Estate Mortgages, as they have (i) failed or refused to pay the installments of principal and interest when due; and (ii) failed or refused to pay real estate taxes when due. Plaintiff claims that the following itemized amounts are due from Defendants, as follows:

| | |
|---|---|
| Principal balance due on Promissory Notes | $102,015.46 |
| Interest due on Promissory Notes continues to accrue on the principal balance; as of February 29, 2008, the amount of interest due, | $108,260.78 (with a daily accrual of $18.6737) |
| TOTAL | $210,276.24[4] (with continuing interest thereon) |

On September 18, 2007, Plaintiff filed a two-count Complaint against James S. Olayer and Paul M. Dodds, Administrator of the Estate of Sandra R. Olayer Dodds. Count One of Plaintiff's Complaint seeks an *in rem* judgment against Defendants in foreclosure of the above described Mortgages, as a result of Defendants default on the Mortgages and Promissory Notes. Count Two of the Complaint is an action in assumpsit in which Plaintiff seeks an *in personam* money judgment against Defendants for the total amounts due and owing as set forth in Count One of the Complaint.

On December 5, 2007, Defendant James S. Olayer *pro se* filed an Answer to the Complaint. Defendant Paul M. Dodds, Administrator of the Estate of Sandra R. Olayer Dodds,

---

[4] In its Motion for Summary Judgment and brief in support thereof, Plaintiff requested relief in the amount of $218.550.02. However, the summary judgment record does not support this amount. Rather, the total amount of the principal balance plus the interest due on the promissory notes as of February 29, 2008, is $210,276.24.

did not respond or Answer to the Complaint. On December 17, 2007, in response to Plaintiff's motion for default judgment, the Court entered default judgment only as to Defendant Paul M. Dodds, Administrator of the Estate of Sandra R. Olayer Dodds, in the amount of $217,060.15 together with interest, at the daily rate of $18.6324 to the date of judgment, plus interest accruing from the date of judgment at the legal rate and costs.

**Analysis**

When the FSA acts as a lender, it acts in a commercial rather than a sovereign capacity. Government security interests obtained through FSA lending programs are controlled by the commercial law of each state. *United States v. Kimbell Foods, Inc*., 440 U.S. 715 (1979). The Defendants are Pennsylvania citizens and the real and personal property mortgaged and pledged as security for the FSA notes is located in Pennsylvania. Accordingly, the Court must apply Pennsylvania law in determining this foreclosure action.

**A.     Mortgage Foreclosure**

Upon default, the holder of a mortgage can legally proceed to enforce the terms of the mortgage by instituting a foreclosure proceeding. *Cunningham v. McWilliams*, 714 A.2d 1054 (Pa. Super. Ct. 1998).

In his Answer, Defendant Olayer admits to many of the Plaintiff's averments, including, but not limited to the following:

(i)      The lending of $50,000.00 to Defendants on January 25, 1978;

(ii)     The recordation of the Mortgages recorded on January 25, 1978 and July 17, 1985;

7

  (iii) The lending of $17,700 to Defendants on August 9, 1979;

  (iv) The execution of a Promissory Note dated August 9, 1979;

  (v) The execution of Promissory Notes dated May 2, 1978; July 3, 1979; and July 15, 1985 in the amounts of $35,000; $23,400.00; and $14,200.00;

  (vi) The execution of Security Agreements on May 2, 1978; July 3, 1979; January 9, 1980; September 15, 1982; and December 30, 1998, which granted a security interest in Defendants' crops; and that

  (vii) Defendant Olayer and Sandra R. Olayer remain the current record owners of the mortgaged premises.

  The Court finds and rules that Defendant James S. Olayer's general denials cannot withstand Plaintiff's motion for summary judgment. The Pennsylvania Superior Court has held that mortgagors' general denials in their answers to a complaint will be considered admissions, and that the only persons with knowledge of the amount due, besides the mortgage company, are the mortgagors. *First Wis. Trust Co. v. Strausser*, 653 A.2d 688, 192 (Pa. 1995). Therefore, if defendant mortgagors do not plead specific facts in response to the allegations in the complaint regarding the default and the amount(s) due, said defendants are deemed to have admitted the allegations set forth in the complaint. *Id.*

  Viewing the evidence in the light most favorable to Defendant James S. Olayer, the Court finds and rules that there are no genuine issues of material fact regarding Defendant's default on the mortgage and the amount due and owing to Plaintiff on these debts. Accordingly, Plaintiff's motion for summary judgment for an *in rem* judgment will be granted.

### B. Assumpsit Action

Count Two of Plaintiff's complaint asserts an assumpsit action Defendants, in which Plaintiff seeks to recover an *in personam* money judgment against Defendants.

A mortgage is simply a security for the payment of the amount due on the bond or note. *Artisti-Kote Co. v. Benefactor Bldg. & Loan Ass'n*, 64 F.2d 407, 408 (3d Cir. 1922). "The bond is the primary obligation and stands for the principal debt; the mortgage is collateral security." *Id.* Once a debtor satisfies the bond or note, the debt is extinguished and the mortgage is discharged. *Id.* In a foreclosure proceeding, the sale of the property discharges the mortgage and the lien upon the land. *Id.* However, the mortgagor may still be personally liable for any deficiency if the debtor made an independent promise to pay the mortgagee evidenced by the bond or note. In such a case, the mortgagor is personally liable for the balance of the debt. *Id.*

### C. Amount Due

In its Complaint, Plaintiff demands an *in personom* judgment against Defendants for the balance due Plaintiff on the Notes, *to wit*: in the amount of $102,015.46 (which represents the principal balance due and payable at once on the Promissory Notes), together with interest on the Notes, which continues to accrue on the principal balance; as of February 29, 2008, the amount of interest due is equal to $108,260.78, with a daily accrual of $18.6737, for a total of $210,276.24 (inclusive of interest as fo February 29, 2008), together with continuing interest at the contract rate from February 29, 2008, together with reasonable attorneys' fees and costs of suit, and for a deficiency judgment after deduction of money, if any, received from the sale of the Property.

Based on the pleadings, and viewing the evidence in the light most favorable to Defendant, the Court finds that:

(1) the principal balance due on the Promissory Notes is $102,015.46;

(2) The interest due on the Promissory Notes is $108,260.78, with a daily accrual of $18.6737;

(3) For a total amount of $210,276.24 (inclusive of interest as of February 29, 2008), together with continuing interest at the contract rate from February 29, 2008, to the present and/or date of payment.

**D.     Attorneys Fees**

In Pennsylvania, a mortgagee is entitled upon foreclosure to recover reasonable expenses, including attorney's fees. *Citicorp Mortgage, Inc. v. Morrisville Hampton Vill. Realty Ltd., P'ship*, 662 A.2d 1120, 1123 (Pa. Super. Ct. 1995). The test of a legal fee must be its reasonableness, determined by the circumstances of the particular case. *Federal Land Bank of Baltimore v. Fetner*, 410 A.2d 344 (Pa. Super Ct. 1979). Although counsel for Plaintiff has requested "attorney's fees," additional information is required before a reasonable fee amount, if any, can be determined. For example, counsel for Plaintiff has failed to submit any supporting affidavits (specifically, but not limited, to the issue of prevailing market rates in this region, the fair and reasonableness of the fees and costs being requested, the usual billing rates of all attorneys and support staff for whom work is claimed, the identity of the service providers (other than identified by initials), and the education and experience of all attorneys and support staff for whom fees for work is claimed), detailed fee statements (specifically all invoices do not include

the hourly rates for all attorneys and support staff), and receipts for costs and reimbursements sought. Defendant is entitled to a fair opportunity to review and consider the specifics of the fee application, as well as to respond in a meaningful way.

Accordingly, it is hereby **ORDERED** that counsel for Plaintiff shall supplement its request for attorneys' fees and costs on or before **October 31, 2008.** Defendant shall file, if he so desires, a response in opposition on or before **November 14, 2008.**

**Conclusion**

For the aforementioned reasons, the Court finds and rules that the Motion for Summary Judgment filed by Plaintiff, United States of America, should be **GRANTED** and that Plaintiff will be awarded summary judgment in mortgage foreclosure against Defendant, James S. Olayer, in the amount of $210,276.24 (inclusive of interest as of February 29, 2008), together with continuing interest at the daily contract rate from February 29, 2008.

Further, the Court finds and rules that Plaintiff is entitled to judgment against Defendant, James S. Olayer*, in personam* and is entitled to a deficiency judgment for the remaining balance due Plaintiff, after the sale of the Property.

An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 02: 07cv1256 |
| ) | |
| JAMES S. OLAYER and PAUL M. ) | |
| DODDS, ADMINISTRATOR OF THE ) | |
| ESTATE OF SANDRA R. OLAYER DODDS, ) | |
| ) | |
| Defendants. ) | |

## ORDER OF COURT

AND NOW, this 16th day of October, 2008, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED AND DECREED** that the Motion for Summary Judgment filed by Plaintiff, United States of America, is **GRANTED** and that Plaintiff, United States of America, is awarded summary judgment in mortgage foreclosure against Defendant, James S. Olayer, in the amount of $210,276.24 (inclusive of interest as of February 29, 2008), together with continuing interest at the contract rate from February 29, 2008, to the date of payment.

Further, Plaintiff is entitled to and granted an *in personam* judgment against Defendant, James S. Olayer, including a deficiency judgment for the remaining balance due Plaintiff, following the sale of the Property.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc: Deborah R. Erbstein, Esquire
Bernstein Law Firm
Email: derbstein@bernsteinlaw.com

Nicholas D. Krawec, Esquire
Bernstein Law Firm
Email: nkrawec@bernsteinlaw.com

Robert S. Bernstein, Esquire
Bernstein Law Firm, P.C.
Email: rbernstein@bernsteinlaw.com

James S. Olayer
2799 Wampant Mt. air Road
New Galilee, PA 16141
(via Regular and Certified Mail, Return Receipt Requested)